UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| KENYADA SHONTEL BROOKS | CASE NO. 3:19-CV-01594 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WAL-MART ASSOCIATES, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the district court, is a motion to dismiss for improper venue, or alternatively, to transfer [doc. # 10] filed by defendant Walmart, Inc. (incorrectly sued as "Wal-Mart Associates, Inc." and Wal-Mart Stores") (hereinafter, "Walmart"). Also before the court is a motion to dismiss for lack of personal jurisdiction [doc. # 6] filed by defendant, City of Olive Branch, Mississippi (incorrectly sued as "City of Oliver Branch Mississippi, Police Department and Mayor Scott Philip"). For reasons assigned below, it is recommended that the motion to dismiss for improper venue be GRANTED, and that the alternative request to transfer be DENIED. It is further recommended that the motion to dismiss for lack of personal jurisdiction be DENIED, as moot.

**Background**

On December 12, 2019, plaintiff pro se Kenyada Brooks filed the instant pro se complaint against Walmart;[1] the City of Olive Branch, Mississippi (hereinafter, "the City"); and CT Corporation System. According to the complaint, Brooks apparently was shopping at an Olive Branch, Mississippi Walmart store on December 16, 2018, when someone named "Ron" approached her and asked her if she needed any Christmas money. (Compl., ¶ 6). Ron then asked Brooks whether she had forgotten to scan a couple of items in her basket. *Id*., ¶ 7.

---

[1] Plaintiff named two other Walmart entities in her complaint, but Walmart effectively substituted itself as the proper party defendant in lieu of the parties named by plaintiff.

Brooks, replied, "no, not to my knowledge." *Id*. Ron then asked Brooks for her receipt, which she produced. *Id*., ¶ 8. Brooks apparently proceeded to accompany Ron "into a room," where she declined to have her photograph taken. *Id*., ¶¶ 8-9.    T

At that time, an Olive Branch police officer arrived on scene and conversed with Ron, who produced some receipts for the officer's review. *Id*., ¶ 10. The officer inquired whether it would be okay for Brooks to pay for the items because the receipt indicated that she still had a balance of $375.16. *Id*. Ron declined, however, stating that he would lose his job. *Id*.

Accordingly, the officer handcuffed Brooks, transported her to the police station, and charged her with shoplifting. *Id*., ¶ 11. Brooks bonded out of custody and was ordered to appear in court on January 10, 2019. *Id*. On April 12, 2019, the shoplifting charge was dismissed. *Id*., ¶ 13.

Brooks contends that she was subjected to false arrest and "false prosecution," which exacerbated her preexisting medical condition(s). *Id*., ¶ 14. She alleges that she was wrongfully arrested without probable or just cause, and the officer failed to advise her of her *Miranda* rights. Brooks asserts claims under 18 U.S.C. §§ 242 and 245, plus apparently, 42 U.S.C. § 1983 (incorrectly cited as "1993"). Brooks seeks an award of compensatory and punitive damages.

On March 27, 2020, the City filed the instant motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. [doc. # 6]. Plaintiff obtained an extension of time until June 17, 2020, in which to file a response to the motion. [doc. #s 8-9].

Meanwhile, on April 15, 2020, Walmart filed the instant motion to dismiss for improper venue, or in the alternative, to transfer under 28 U.S.C. §§ 1404 or 1406. On May 6, 2020, the City filed a response to Walmart's motion, whereby it represented that it did not oppose

2

Walmart's motion to dismiss, but did oppose Walmart's alternative motion to transfer. [doc. # 12]. Plaintiff did not file a response to the motion, and the time to do so has lapsed. *See* Notice Motion Setting [doc. # 11]. Accordingly, the matter is ripe.

## Venue

Plaintiff principally appears to assert claims for false arrest and wrongful or malicious prosecution under 42 U.S.C. § 1983.[2] Section 1983 does not contain a venue provision; thus, venue is determined under the General Venue Statute, 28 U.S.C. ' 1391. *Nevers v. Claiborne Parish Detention Center*, 2008 WL 4104352 (E.D. La. Aug. 29, 2008).

The general venue statute provides that a civil action may be brought in B

**(1)**  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)**  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)**  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. ' 1391(b).[3]

---

[2] Plaintiff also attempted to set forth claims under 18 U.S.C. §§ 242 and 245. However, those provisions are criminal statutes that do not confer a private cause of action. *See McLemore v. Walmart Inc. LLC Texas Stores*, No. 18-0689, 2020 WL 949206, at n.5 (E.D. Tex. Jan. 31, 2020), R&R adopted, 2020 WL 923916 (E.D. Tex. Feb. 26, 2020); *Dugar v. Coughlin*, 613 F. Supp. 849, n.1 (S.D.N.Y.1985).

[3]  Furthermore,
[f]or all venue purposes . . .
  an entity with the capacity to sue and be sued in its common name
  under applicable law, whether or not incorporated, shall be deemed
  to reside, if a defendant, in any judicial district in which such
  defendant is subject to the court's personal jurisdiction with respect
  to the civil action in question . . .
28 U.S.C. § 1391(c)(2).

3

"[T]he plaintiff has the burden of proving the district [s]he chose is a district of proper venue." *Joseph v. Emmons*, No. 04-2843, 2005 WL 757358, at *1 (E.D. La. Mar. 23, 2005); *accord Smith v. Fortenberry*, 903 F. Supp. 1018, 1019-20 (E.D. La. 1995).

In response to Walmart's motion, plaintiff made no effort to establish the propriety of venue in this district. Furthermore, the court's own review shows no basis to support venue here. First, there is no indication that all defendants reside in this judicial district as required to support venue under § 1391(b)(1). *See* the City's M/Dismiss [doc. # 6]. Second, the only connection that this district has with the dispute is that plaintiff is domiciled here, and therefore, likely receiving medical care and suffering the effects of her alleged wrongful arrest here. However, courts consistently have held that the situs of the precipitating incident is the determining factor for § 1391(b)(2) B not the place where the plaintiff received treatment or continues to suffer disability. *See Joseph, supra; Smith, supra; Jenkins v. Georgia-Pacific Co.*, 2002 WL 638561 (E.D. La. 4/17/02).

Finally, the court cannot premise venue under § 1391(b)(3) if another venue is already proper under §§ 1391(b)(1) or (b)(2). *Nat'l Util. Serv., Inc. v. Singularity, Inc.*, No. 18-3142, 2020 WL 264108, at *2 (N.D. Tex. Jan. 16, 2020); *Fowler v. Deloitte & Touche, LLP*, No. 15-2695, 2017 WL 1293983, at *5 (W.D. La. Mar. 24, 2017). Here, venue properly lies under §§ (b)(1) and/or (2) in the United States District Court for the Northern District of Mississippi – the judicial district where the incident occurred and where all defendants (the City, Walmart, and the CT Corporation System)[4] appear to "reside" -- at least for purposes of this suit.

In sum, venue does not lie in this forum. *See Davis v. Louisiana State University*, 876 F.2d 412, 413 (5th Cir. 1989) (venue improper where all defendants reside in different state and

---

[4] It is not known why plaintiff named CT Corporation System as a defendant in this suit. Nonetheless, plaintiff listed a Mississippi address for the company in her complaint.

4

events giving rise to cause of action arose elsewhere).

When venue is improper, the district court shall dismiss the case, or "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). Defendants primarily urge dismissal. Furthermore, plaintiff did not oppose the motion, or otherwise request transfer in lieu of dismissal. Also, according to the City, plaintiff's § 1983 claim will not be time-barred, but may need to be amended to state a claim for relief. *See* doc. # 12, pgs. 3-4. Under this combination of circumstances, the court is not persuaded that the interest of justice warrants transfer.

## Conclusion

For these reasons,

IT IS RECOMMENDED that defendant, Walmart, Inc.'s motion to dismiss for improper venue [doc. # 10] be GRANTED, and that this case be DISMISSED, without prejudice, in its entirety.

IT IS FURTHER RECOMMENDED that Walmart, Inc.'s alternative request to transfer [doc. # 10] be DENIED.

In light of the undersigned's recommended disposition of the motion to dismiss for improper venue,

IT IS FURTHER RECOMMENDED that defendant, City of Olive Branch, Mississippi's motion to dismiss for lack of personal jurisdiction [doc. # 6] be DENIED, as moot.

Under the provisions of 28 U.S.C. '636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at

the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 26th day of May 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE